LAW OFFICES
**THE KEATING LAW FIRM, PLC**
SUITE 300, GAINEY RANCH TOWN CENTER
7702 E. DOUBLETREE RANCH ROAD
SCOTTSDALE, ARIZONA 85258
(480) 510-0250
KEVIN R. KEATING (No. 012216)
krk@keatingfirm.com
Attorney for the Walker Creditors

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>NILES S. LIPIN, Debtor.<br><br>In Re:<br><br>LORAINE E. KESSELRING, Debtor.<br><br>THE ESTATE OF ROBERT W. WALKER and EVE F. WALKER,<br><br>Plaintiffs,<br>v.<br><br>NILES S. LIPIN and MARIE PIERRON,<br><br>Defendants. | Chapter 11 – No. 2:11-bk-26500-GBN (Lipin)<br>Chapter 11 – No. 2:12-bk-12418-RJH (Kesselring)<br>Jointly Administered as<br>No.: 2:11-bk-26500-GBN<br><br>Adversary No. 2:11-ap-02323-GBN<br><br>**THE WALKER CREDITORS' OBJECTION TO DEBTOR LIPIN'S DISCLOSURE STATEMENT AND PROPOSED CHAPTER 11 PLAN** |

The Walker Creditors[1] object to the Disclosure Statement filed by Debtor Niles S. Lipin ("Lipin" or "Debtor Lipin") on March 10, 2016 and the Chapter 11 Plan of Reorganization that the Disclosure Statement describes. There are a number of reasons for this Objection.

## I. LACK OF ADEQUATE INFORMATION.

Federal law requires that a Debtor's Disclosure Statement will not be approved without the Court determining that it contains "adequate information." 11 U.S.C. § 1125(b). The

---

[1] The Walker Creditors are Eve F. Walker and the Estate of Robert W. Walker who have filed Claim #13 (Doc. 455) against the Debtor's Bankruptcy Estate.

1  Court's determination of whether to approve such adequacy "is within the sound discretion of
2  the bankruptcy court and is to be determined on a case by case basis." In re Unichem Corp., 72.
3  95, 97 (U.S.B.C, N. D. Ill., 1987), aff'd 80 B.R. 448 (N.D. Ill., 1987).   The Bankruptcy Code
4  defines "adequate information" as:

> Information of a kind, and in sufficient detail, as far as reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

9  11 U.S.C. § 1125(a).

10   In other words, the disclosure statement should provide enough information so that a
11  typical creditor can make an informed judgment about the probable results of the Court's
12  acceptance or rejection of a particular plan. Huntington Banks v. Felcore/Lax Holdings, LP, 9
13  Fed. Appx. 669, 670 (9th Cir., 2000). In addition, such disclosures must be complete and not
14  misleading and must not omit any important information that would be necessary for the
15  reviewer to know before the reviewer could know the full effect of the Plan, especially about the
16  Plan's possible success or failure. See Duff v. United States Trustee (In re California Fidelity,
17  Inc.), 198 B.R. 567, 571 (9th Cir. BAP, 1996). Furthermore, in In re A. C. Williams Co., 24
18  B.R. 173 (U.S.B.C., N.D. Ohio, 1992), that Court set forth a number of specific criteria that
19  should be contained in a proper disclosure statement so that the Court can make a full and proper
20  determination as the adequacy of the information in the statement.

21   In Debtor Lipin's Disclosure Statement's section II(B)(2), the listing of several different
22  attorneys who represented the Debtor, the Statement fails to note that all of them except Attorney
23  Chris D. Barski were retained and paid for by Debtor's wife Lisa Charron and the fees incurred
24  and owed or paid to those other attorneys were not supposed to be charged to or paid by the
25  Debtor's Estate. The Statement does not say that those other attorneys were not paid by Ms.
26  Charron, rather than the Estate, but the cited section of the Disclosure Statement does not make

1  that clear.  If the Estate has violated that original plan about Ms. Charron paying the fees

2  incurred in those other matters, that fact and any such payments would change (diminish) the

3  amount of cash that should now be in the Estate by a significant amount.

4       In Section II(B)(5)(b), the Statement varies away from reality a bit when it states that the

5  District Court matter was "settled," when in fact that lawsuit brought by Debtor and others was

6  summarily dismissed by the District Court Judge on the merits in response to motions by the

7  defendants to dismiss the Complaint.  There were no discussions of "settlement" in that matter,

8  except that the defendants agreed to waive their right to recover costs and attorneys' fees in

9  return for Debtor Lipin waiving his right to appeal the District Court's decision.

10      In Section II(B)(6)(c), the Statement is *inaccurate* when it states that the Court has ruled

11 that only a small part of the Walkers' original Fraud Judgment Debt in the Walkers' Claim #13

12 is possibly non-dischargeable and most of that debt is dischargeable.  The fact is that the matter

13 of the full amount of the Debt that will be deemed Non-Dischargeable has not been fully

14 litigated to the Bankruptcy Judge, though it will be so litigated and decided very soon.  The

15 Statement is correct when it states that the matter of possible Offsets is under still appeal.

16      The Walker Creditors wish to point out to the Court and to the other creditors that it is

17 the view and position of the Walkers that Debtor Lipin's wife Lisa Charron who supposedly

18 funded the ancillary litigation that Special Counsel pursued for the Debtor was involved in, is a

19 person of substantial means.  As Debtor Lipin's spouse, Ms. Charron's own assets are significant

20 and it is not fair and proper that the full and proper Estate of Debtor Lipin is not recalculated to

21 include Ms. Charron's own assets that she brought to the marriage.  It is not the intention of the

22 Walkers to officially pursue in this Court the recovery of sums for the Estate from the otherwise

23 separate household assets of Ms. Charron.  Nevertheless, the Walkers still wish to remind the

24 Court and to notify the other creditors of the position of the Walkers in this regard.

25 . . .

26 . . .

## II. **CONCLUSION**.

The Walker Creditors hereby vote against the approval of the suggested Plan presented by Debtor Lipin, and wish to be heard at the upcoming hearing on this subject. The Walkers also reiterate their position that the full amount of the Fraud Judgment Debt in their favor listed in the schedules as $1,040,832.86 is fully Non-Dischargeable and that said amount is much higher when all of the accumulated interest since the dates of the Judgments in question are fully taken into account.

Since the amount of said Non-Dischargeable Judgment Debt far exceeds any planned payments by the Estate to anyone, the Walker Creditors ask only that the plans for any payments from the Estate to any Creditors be delayed until this Court makes its final determination and ruling on said Non-Dischargeability and then makes the necessary rulings as to how and when the Debtor needs to include such plans into the overall final Chapter 11 Plan of this Debtor.

Given the Debtor's plans for increasing his annual income as noted in Section II(D) of the Disclosure Statement, the Walker Creditors will wait his further disclosures about the results of those plans, by which time the full scope of the decision of this Court on the Non-Dischargeable debts will be finalized. As of right now, however, the disclosures do no project what the Debtor's future income will be in dollars and such disclosures are therefore inadequate and incomplete.

Indeed, after (a) those initial plans of the Debtor are realized or at least undertaken and reviewed if not realized and (b) the full and complete decision of the Court on Non-Dischargebility of the Walkers Claim #13 is made, then this Court should revisit the completeness of the Debtors' Disclosure Statement.

But in the meantime, the Walker Creditors vote[2] to disapprove the Debtor's Disclosure Statement and his Chapter 11 Plan.

---

[2] Since no separate document labeled as a "Ballot" was distributed to the Walker Creditors, the Walker Creditors assume that this Objection is sufficient for the purpose of voting to approve or disapprove the Disclosure Statement or the proposed Chapter 11 Plan.

RESPECTFULLY SUBMITTED, this __7th__ day of April, 2016.

**THE KEATING LAW FIRM, PLC**

By: _/s/ Kevin R. Keating_ _(#012216)_
KEVIN R. KEATING
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
(480) 510-0250, krk@keatingfirm.com
Counsel for the Walker Creditors

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2016, I electronically transmitted the foregoing document to the Office of the Clerk of the U. S. Bankruptcy Court using the CM/ECF system for filing and I transmitted, electronically, a copy of the foregoing document to the following CM/ECF registrants on the service lists of this jointly administered U. S. Bankruptcy Court proceeding and its related Adversary Proceeding:

Chris D. Barski, Esq.
Barski Drake, PLC
14500 N. Northsight Blvd., Suite 200
Scottsdale, Arizona 85260
cbarski@barskidrake.com
Counsel for the Debtor Lipin

Kelly G. Black, Esq.
1152 E. Greenway Street, Suite 4
Mesa, Arizona 85203
kgb@kellygblacklaw.com
Counsel for Creditor AWD Farms, LLC

Michelle Carlton, Esq.
233 E. Southern Avenue, # 24496
Tempe, Arizona 85282
Former Special Counsel to Debtor Lipin

Amie Mendoza, Esq.
4600 E. Washington Street, Suite 300,
Phoenix, Arizona 85034
Former Special Counsel for Debtor Lipin

Trail T. Potter, Esq.
233 E. Southern Avenue, # 23780
Tempe, Arizona 85282
Special Counsel to Debtor Lipin

Whitney G. Coats, Esq.
Dana Law Firm, P.A.
8817 E Bell Road, Suite 201
Scottsdale, Arizona 85255
wcoats@danafirm.com
Counsel for Debtor Pierron

_/s/ Kevin R. Keating_ _(#012216)_
**KEVIN R. KEATING**